UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHANE RAGOONATH,

    Plaintiff,

-against-

SWISSPORT USA, INC.,

    Defendant.
------------------------------------------------------------X

FILED
CLERK
2015 MAR 17 AM 9:07
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DEARIE, J.
REYES, M.J
CV 15-1356

Plaintiff, SHANE RAGOONATH (hereinafter "RAGOONATH"), by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant SWISSPORT USA, INC. (hereinafter "SWISSPORT"), upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against** by his employer solely due to his **Disability and/or perceived disability (Thoracic and Lumbar Sprain/Strain)**, being **denied a reasonable accommodation** and being **retaliated against** requesting a reasonable accommodation for his disability and/or perceived disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendant's principal place of business resides in the Eastern District of New York and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated January 16, 2015 and received on January 22, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff is a resident of the State of New York and County of Bronx.

9. That at all times relevant hereto, Defendant SWISSPORT USA, INC. ("SWISSPORT") was and is a foreign business corporation duly authorized and existing pursuant to and by virtue of the laws of the State of Delaware, with offices located at John F. Kennedy International Airport ("JFK"), Building 151, Room 300, Jamaica, NY 11430.

10. That at all times relevant hereto, Defendant SWISSPORT employed workers, including Plaintiff, at JFK's Delta Cargo, Building 21 in Jamaica, NY.

11. That at all times relevant hereto, Plaintiff was a full-time employee of Defendant SWISSPORT.

## MATERIAL FACTS

12. On December 10, 2013, Plaintiff RAGOONATH began working for Defendant as a "Cargo

Agent." Plaintiff earned $9.50 per hour in this capacity.

13. Plaintiff RAGOONATH worked at JFK's Delta Cargo, Building 21 in Jamaica, NY.

14. As a "Cargo Agent," Plaintiff's job duties combined manual and non-manual tasks. For example, the Plaintiff performed the following tasks as a "Cargo Agent:" loaded and unloaded trucks; weighed the freight prior to loading it on the planes found at JFK; drove machinery and lifted packages that ranged from two (2) to thirty (30) pounds.

15. Throughout his tenure, upon information and belief, Plaintiff was a good employee.

16. Although Defendant previously complimented Plaintiff's work ethic, upon learning that Plaintiff was disabled and/or perceived Plaintiff as disabled, and that Plaintiff was requesting a reasonable accommodation for his disability and/or perceived disability, Defendant immediately began to discriminate against him.

17. By way of background, on or around March 10, 2014, Plaintiff sustained a work related injury to his thoracic and lumbar spine during the course of his employment with Defendant SWISSPORT. This injury occurred at JFK's Delta Cargo, Building 21. This physical injury also significantly impaired and limited one or more of Plaintiff's major life activities, including his ability to properly work, think and concentrate in the above capacity. Due to this work-related injury, the Plaintiff required additional time off and/or adjustment in order to appropriately recover.

18. Due to the above impairments, Plaintiff immediately sought medical treatment. On March 14, 2014, at the conclusion of his medical visit at John F. Kennedy Medport ("JFK Medport"), Plaintiff RAGOONATH was deemed totally disabled and unfit to return to work duty; thus, he commenced receiving workers' compensation.

19. Plaintiff continued to receive medical treatment at JFK Medport on March 24, 2014; April

1, 2014; April 4, 2014; April 14, 2014; April 22, 2014 and May 2, 2014. Subsequent to all of these visits, a physician diagnosed the Plaintiff as being disabled and unfit to return to work.

20. However, on May 6, 2014, Plaintiff was cleared to return to "light duty" work on May 7, 2014 with modified restrictions. Specifically, Plaintiff RAGOONATH was temporarily cleared to return to "light duty" work for a maximum of four (4) hours with the following restrictions, *inter alia*: no repetitive bending; no squatting; no stooping; no kneeling; no lifting more than five (5) pounds and he was required to sit primarily with proper back support. This request for a reasonable accommodation, was to be for a certain time period while the Plaintiff continued to heal.

21. Under a "light duty" assignment, Plaintiff could have performed tasks that were a part of his normal position such as driving vehicles, working machinery, performing clerical/paper work such as logging in information, i.e., the weight of cargo coming in and out of the facility; driving the forklift and lifting packages as long as these tasks were performed within the light duty limitations advised by his treating physician.

22. Plaintiff was qualified, and Defendant had positions available, in which Plaintiff would perform general clerical duties, like working on log books, billing statements and the aforementioned tasks, while he recovered from his work-related injury. The foregoing evidences that the Defendant could have assigned the Plaintiff numerous non-manual tasks that were within his treating physician's "light duty" instructions which would have provided the plaintiff reasonable accommodations for his work-related injury.

23. Upon information and belief, it would not have been an undue burden to Defendant for Plaintiff to return to work on "light duty" and perform only those functions of his job that

fit within the modified light duty schedule, as a reasonable accommodation to Plaintiff.

24. On May 7, 2014, Plaintiff RAGOONATH submitted the aforementioned May 7, 2014 doctor's note to the Defendant which stated that he could return to work on light duty.

25. On May 8, 2014, Plaintiff received correspondence from Defendant SWISSPORT which acknowledged his March 10, 2014 work-related injury, his physician's restrictions noted in the May 6, 2014 medical report, and their agreement to assign the Plaintiff to a modified duty position with: "1. Maximum of 4 hrs shifts; 2. Primarily seated with back support; 3. No lifting, pulling or pushing more than 5 lbs."

26. However, in the same letter, Defendant stated that it would only provide Plaintiff with a modified work schedule for a period of 12 weeks. Further, the letter stated, "unless you are released to **Full Duty** prior to [July 30, 2014], in accordance with company policy, we cannot continue to offer you a modified duty position."

27. By virtue of this correspondence, Defendant failed to engage in the interactive process to determine a reasonable accommodation should Plaintiff need one beyond July 30, 2014.

28. Upon information and belief, this correspondence confirmed Defendant SWISSPORT's perception of the Plaintiff as "disabled" and as something that would present itself as an "issue," even upon Plaintiff's return to "light duty."

29. In the May 8th correspondence, Defendant also indicated that the Plaintiff should report to a manager on May 9, 2014 regarding his modified duties.

30. As instructed, Plaintiff appeared on May 9, 2014 and was later informed by Marla, whose last name is presently unknown, that the manager was not present; thus, he had to report back on May 16, 2014.

31. On May 16, 2014, Plaintiff RAGOONATH worked in Defendant SWISSPORT's office

for a four (4) hour shift as instructed by his physician and he was given the "light duty" document to execute by Defendant SWISSPORT, which he did.

32. The "light duty" document which was furnished by Defendant SWISSPORT to Plaintiff, called for the termination of Plaintiff's workers' compensation payments once these documents were executed.

33. After signing the "light duty" document, Maria, Plaintiff's General Manager, called Plaintiff into her office and told him to stay home until further notice without any explanation.

34. Defendant SWISSPORT unlawfully terminated Plaintiff's employment on May 29, 2014 devoid of any justifiable reasons. Notably, the Plaintiff was not deemed "totally disabled" when he was unlawfully terminated.

35. By terminating Plaintiff's employment after allowing him to work only one shift on modified duty, Defendant failed to provide Plaintiff with a reasonable accommodation.

36. Upon information and belief, allowing Plaintiff to work in a modified position would not have been an undue burden on Defendant.

37. Defendant failed to engage in the interactive process to determine a reasonable accommodation that would allow Plaintiff to perform the essential functions of his job.

38. Instead, Defendant saw Plaintiff as "disabled" and a burden to the company and Plaintiff's co-workers, and terminated him due to his disability and/or perceived disability.

39. Defendant terminated Plaintiff RAGOONATH approximately three weeks after he requested a reasonable accommodation, and two weeks after he returned on light duty, in retaliation for requesting a reasonable accommodation.

40. Based upon the aforementioned conduct and actions, it is clear that Defendant

discriminated and retaliated against Plaintiff solely due to his disability and/or perceived disability and for requesting a reasonable accommodation.

41. Plaintiff's condition was an impairment that substantially limits one or more of his major life activities within the meaning of §12102(1)(A) of the ADA.

42. Plaintiff is a qualified individual who can perform the essential functions of his employment with a reasonable accommodation as defined by §12111(8) of the ADA.

43. But for the fact that Plaintiff was disabled and/or perceived as disabled and requested a reasonable accommodation for his disability and/or perceived disability, Defendant would not be discriminating against him.

44. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory harassment.

45. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights and emotional distress.

46. Defendant's actions and conduct are intentional and intended to harm Plaintiff.

47. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

48. As a result of Defendant's discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

50. As a result of the above, Plaintiff has been damaged in an amount in excess of the

jurisdiction of the Court.

51. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendant.

52. As such, Plaintiff has been damaged as set forth herein.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendant)

53. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

54. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

55. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

56. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendant)

57. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

58. The ADA prohibits retaliation, interference, coercion, or intimidation.

59. 42 U.S.C. § 12203 provides:

   a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
   b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

60. Defendant violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

63. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by discriminating against Plaintiff and terminating his employment solely because of her disability.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

66. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where

    that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

  3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

 c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

69. Defendant violated the section cited herein as set forth.

## JURY DEMAND

70. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act and the New York City Human Rights Law, in that Defendant discriminated against Plaintiff on the basis of his disability;

B. Awarding damages to Plaintiff to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
       March 16, 2015

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _/s/ Nicole Welch_

Nicole Welch, Esq.
Marjorie Mesidor, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
nwelch@tpglaws.com
mmesidor@tpglaws.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Shane Ragoonath<br>2416 Grand Avenue<br>Bronx, NY 10468 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

RECEIVED JAN 2 2 2015 AEN

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00403 | Charles K. Diamond,<br>Investigator | (212) 336-3771 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

1/16/2015 (Date Mailed)

Enclosures(s)

cc: Human Resources Director
SWISSPORT USA
45025 Aviation Dr, Ste 350
Sterling, VA 20166

Nicole A. Welch, Esq.
PHILLIPS & ASSOCIATES ATTORNEYS AT LAW
45 Broadway, Suite 620
New York, NY 10006