J. Gregory Lahr (JL9969)
gregory.lahr@sedgwicklaw.com
Ryan Chapoteau (RC0689)
ryan.chapoteau@sedgwicklaw.com
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY  10281-1008
Telephone:	212.422.0202
Facsimile:	212.422.0925
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE RAGOONATH,<br><br>                    Plaintiff,<br><br>-against-<br><br>SWISSPORT USA, INC.,<br><br>                    Defendant. | Civil Action Number:<br>1:15-cv-01356-RJD-RER<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Swissport USA, Inc. ("Swissport" or "Defendant"), by and through its attorneys Sedgwick LLP, Answers the Complaint brought by Shane Ragoonath ("Ragoonath" or "Plaintiff") as follows, upon information and belief:

## NATURE OF THE CASE

1. The allegations contained in Paragraph "1" of the Complaint constitute a summary of Plaintiff's Causes of Action.  To the extent these allegations constitute actual allegations of fact, Defendant admits that Plaintiff purports to bring a legal action, but denies that there is any factual or legal basis for the claims asserted.

## JURISDICTION AND VENUE

2. Paragraph "2" of the Complaint constitutes a jurisdictional allegation and, therefore, need not be specifically admitted or denied by Defendant.  To the extent an answer is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and otherwise refers all issues of law to the Court.

3. Paragraph "3" of the Complaint constitutes a jurisdictional allegation and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and otherwise refers all issues of law to the Court.

4. Paragraph "4" of the Complaint constitutes an allegation concerning venue and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the factual allegations contained therein, and otherwise refers all issues of law to the Court.

## **PROCEDURAL PREREQUISITES**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "5" of the Complaint.

6. Defendant lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph "6" of the Complaint, except admits that a Notice of Right to Sue dated January 16, 2015, is attached to the Complaint, explaining that the Equal Employment Opportunity Commission is terminating its processing of the charge because it was unlikely that it would be able to complete its administrative processing within 180 days from the filing of a charge.

7. Defendant admits the allegations contained in Paragraph "7" of the Complaint.

## **PARTIES**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8" of the Complaint.

9. Defendant denies the allegations contained in Paragraph "9" of the Complaint, except admits that Swissport is a foreign business corporation and conducts business within Building 151 at John F. Kennedy International Airport ("JFK") in Jamaica, Queens, New York.

20196130v1

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "10" of the Complaint, except admits that Plaintiff was previously employed by Swissport at JFK.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "11" of the Complaint, except admits that Plaintiff was previously employed by Swissport at JFK.

## MATERIAL FACTS

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "12" of the Complaint, except admits that Plaintiff was previously employed by Swissport at JFK.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "13" of the Complaint, except admits that Plaintiff was previously employed by Swissport at JFK.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "14" of the Complaint, except admits that Plaintiff was previously employed by Swissport at JFK.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph "17" of the Complaint, and otherwise refers all issues of law contained therein to the Court.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph "18" of the Complaint, and otherwise refers all issues of law contained therein to the Court.

20196130v1

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint, and otherwise refers all issues of law contained therein to the Court.

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint, and otherwise refers all issues of law contained therein to the Court.

21. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint, and refers all issues of law contained therein to the Court.

23. Defendant denies the allegations contained in Paragraph "23" of the Complaint, and refers all issues of law contained therein to the Court.

24. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint, and otherwise refers all issues of law contained therein to the Court.

25. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint, except admits that Swissport issued a letter acknowledging a work-related injury on March 10, 2014, which speaks for itself.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint, except admits that Swissport informed Plaintiff of relevant company policies regarding modified duty positions.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint.

29. Defendant admits the allegations contained in Paragraph "29" of the Complaint.

30. Defendant denies the allegations contained Paragraph "30" of the Complaint, except admits that Swissport requested Ragoonath to report to work on May 16, 2014, after not reporting to work on May 9, 2014.

31. Defendant denies the allegations contained in Paragraph "31" of the Complaint, except admits that Ragoonath worked in a light duty capacity at Swissport's office for four hours on May 19, 2014.

32. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in Paragraph "33" of the Complaint, except admits that Swissport held a meeting with Ragoonath to inform him that the U.S. Customs and Border Protection denied him access to the Federal Inspection Service Area of JFK and, for security purposes, Swissport cannot schedule him for any additional shifts until he resolved this issue.

34. Defendant denies the factual allegations contained in Paragraph "34" of the Complaint, and refers all issues of law contained therein to the Court.

35. Defendant denies the factual allegations contained in Paragraph "35" of the Complaint, and refers all issues of law contained therein to the Court.

36. Defendant denies the factual allegations contained in Paragraph "36" of the Complaint, and refers all issues of law contained therein to the Court.

37. Defendant denies the factual allegations contained in Paragraph "37" of the Complaint, and refers all issues of law contained therein to the Court.

38. Defendant denies the allegations contained in Paragraph "38" of the Complaint, and refers all issues of law contained therein to the Court.

39. Defendant denies the allegations contained in Paragraph "39" of the Complaint, and refers all issues of law contained therein to the Court.

20196130v1

40. Defendant denies the factual allegations contained in Paragraph "40" of the Complaint, and refers all issues of law contained therein to the Court.

41. Defendant denies the factual allegations contained in Paragraph "41" of the Complaint, and refers all issues of law contained therein to the Court.

42. Defendant denies the factual allegations contained in Paragraph "42" of the Complaint, and refers all issues of law contained therein to the Court.

43. Defendant denies the allegations contained in Paragraph "43" of the Complaint, except states that Swissport did not engage in any discriminatory practices.

44. Defendant denies the allegations contained in Paragraph "44" of the Complaint.

45. Defendant denies the allegations contained in Paragraph "45" of the Complaint.

46. Defendant denies the allegations contained in Paragraph "46" of the Complaint.

47. Defendant denies the allegations contained in Paragraph "47" of the Complaint.

48. Defendant denies the allegations contained in Paragraph "48" of the Complaint.

49. Defendant denies the allegations contained in Paragraph "49" of the Complaint.

50. Defendant denies the allegations contained in Paragraph "50" of the Complaint.

51. Defendant denies the allegations contained in Paragraph "51" of the Complaint.

52. Defendant denies the allegations contained in Paragraph "52" of the Complaint.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITES ACT
(Not Against Individual Defendant)

53. Defendant repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs "1" through "52" of the Complaint with the same force and effect as if set forth fully herein.

54. Defendant denies the factual allegations contained in Paragraph "54" of the Complaint, and refers all issues of law contained therein to the Court.

55. Paragraph "55" of the Complaint constitutes a recitation of a statute and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits to the statute containing similar text, and otherwise refers all issues of law to the Court.

56. Defendant denies the allegations contained in Paragraph "56" of the Complaint.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITES ACT
(Not Against Individual Defendant)

57. Defendant repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs "1" through "56" of the Complaint with the same force and effect as if set forth fully herein.

58. Paragraph "58" of the Complaint constitutes a general statement of law and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits that the ADA can prohibit retaliation, interference, coercion, or intimidation, and otherwise refers all issues of law to the Court.

59. Paragraph "59" of the Complaint constitutes a recitation of a statute and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits to the statute containing similar text, and otherwise refers all issues of law to the Court.

60. Defendant denies the allegations contained in Paragraph "60" of the Complaint.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61. Defendant repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs "1" through "60" of the Complaint with the same force and effect as if set forth fully herein.

62. Paragraph "62" of the Complaint constitutes a recitation of a statute and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits to the statute containing similar text, and otherwise refers all issues of law to the Court.

63. Defendant denies the allegations contained in Paragraph "63" of the Complaint, and refers all issues of law contained therein to the Court.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Defendant repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs "1" through "63" of the Complaint with the same force and effect as if set forth fully herein.

65. Paragraph "65" of the Complaint constitutes a recitation of a statute and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits to the statute containing similar text, and otherwise refers all issues of law to the Court.

66. Defendant denies the allegations contained in Paragraph "66" of the Complaint, and refers all issues of law contained therein to the Court.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Defendant repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs "1" through "66" of the Complaint with the same force and effect as if set forth fully herein..

68. Paragraph "68" of the Complaint constitutes a recitation of a statute and, therefore, need not be specifically admitted or denied by Defendant. To the extent an answer is required, Defendant admits to the statute containing similar text, and otherwise refers all issues of law to the Court.

20196130v1

69. Defendant denies the allegations contained in Paragraph "69" of the Complaint.

## JURY DEMAND

70. The Defendant denies that Plaintiff is entitled to a trial by jury on all Causes of Action.

## FIRST AFFIRMATIVE DEFENSE

71. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. The Court lacks subject matter jurisdiction over each of the Plaintiff's claims to the extent he has not exhausted administrative remedies or failed to comply with other conditions precedent under governing federal and state law to prosecute his claims thereunder.

## THIRD AFFIRMATIVE DEFENSE

73. The Court lacks subject matter jurisdiction over Plaintiff's claims that are not reasonably related to the claims contained in Plaintiff's alleged charge filed with the U.S. Equal Employment Opportunity Commission and/or the New York Division of Human Rights.

## FOURTH AFFIRMATIVE DEFENSE

74. Some or all of the Plaintiff's causes of action are barred by the relevant statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

75. The Complaint is or may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

76. Defendant alleges that all or part of the alleged conduct for which Plaintiff seeks damages was performed without the actual or constructive knowledge of Defendant.

20196130v1

## SEVENTH AFFIRMATIVE DEFENSE

77. The Complaint is barred because the alleged misconduct, even if it occurred, does not constitute a violation of the Americans with Disability Act of 1990, as amended and/or the New York City Human Rights Law, or any corresponding state or local law.

## EIGHTH AFFIRMATIVE DEFENSE

78. At all time relevant hereto, Defendant did not know and/or show reckless disregard or act willfully as to whether their alleged conduct was prohibited by the Americans with Disability Act of 1990, as amended and/or the New York City Human Rights Law, or any corresponding state or local law, and otherwise Defendant acted in good faith and with reasonable grounds for believing they were not in violation of federal and/or state laws, rules, regulations, or guidelines.

## NINTH AFFIRMATIVE DEFENSE

79. The damages allegedly sustained by Plaintiff were caused by the direct and proximate actions of other parties, their agents or employees, or by others unknown at this time over whom Defendant had no control at any time relevant hereto, and in the event Defendant is found liable to Plaintiff, which liability is expressly denied, Defendant will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## TENTH AFFIRMATIVE DEFENSE

80. The Complaint is barred because Plaintiff was not terminated from his employment.

## ELEVENTH AFFIRMATIVE DEFENSE

81. To the extent that Plaintiff required an accommodation, Defendant acted reasonably in its efforts and abided by legal requirements and, therefore, is not liable to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

82. Plaintiff has received all compensation to which he was entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

83. Some of all of Plaintiff's claims are subject to preemption under federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

84. Some or all of Plaintiff's claims are barred or reduced by the doctrine of set-off.

## FIFTEENTH AFFIRMATIVE DEFENSE

85. Some or all of Plaintiff's claims are barred or reduced by the doctrine of unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff is not entitled to recovery of liquidated or punitive damages as Defendant's actions and/or omissions were not willful, and otherwise Defendant exercised reasonable care and made good faith efforts to comply with all federal and/or state laws, rules, regulations, or guidelines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

87. Plaintiff has failed to mitigate his damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

88. The Complaint fails to allege the circumstances relating to the claims made by Plaintiff with sufficient particularity to enable Swissport to determine whether it may have additional defenses in this action, and Swissport reserves all other defenses available under federal, state, or local law, as may be ascertained through discovery.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint, denies that Plaintiff is entitled to equitable or monetary relief for compensatory, punitive, and/or emotional distress damages, and/or attorneys' fees and costs, and respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that an Order be entered entitling this Defendant to an award of attorneys' fees and costs incurred in connection therewith, and all other relief that this Court may deem just and proper.

20196130v1

Dated: New York, New York
       May 20, 2015

                          SEDGWICK LLP

                          By: /s/ J. Gregory Lahr
                               J. Gregory Lahr (JL9969)
                               Ryan Chapoteau (RC0689)
                               SEDGWICK LLP
                               225 Liberty Street, 28th Floor
                               New York, NY 10281-1008
                               Telephone:   212.422.0202
                               Facsimile:    212.422.0925
                               *Attorneys for Defendant*

To:    Nicole Welch, Esq.
        Marjorie Mesidor, Esq.
        PHILLIPS & ASSOCIATES
        ATTORNEYS AT LAW, PLLC
        45 Broadway, Suite 620
        New York, NY 10006
        Telephone: (212) 248-7431
        Facsimile: (212) 901-2107
        *Attorneys for Plaintiff*

20196130v1

## CERTIFICATE OF SERVICE

I, J. GREGORY LAHOR, ESQ., hereby certify that on the 20th day of May, 2015, the within Answer to Complaint and Affirmative Defenses was filed via Electronic Filing, which sent electronic notification of such filing to all Counsel of record. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 20, 2015

                                      By: /s/ J. Gregory Lahr
                                            J. Gregory Lahr (JL9969)

```
```

J. Gregory Lahr (JL9969)
gregory.lahr@sedgwicklaw.com
Ryan Chapoteau (RC0689)
ryan.chapoteau@sedgwicklaw.com
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY  10281-1008
Telephone:      212.422.0202
Facsimile:       212.422.0925
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE RAGOONATH, ) | |
| ) | Civil Action Number: |
| Plaintiff, ) | 1:15-cv-01356-RJD-RER |
| ) | |
| -against- ) | |
| ) | **DEFENDANT SWISSPORT USA,** |
| SWISSPORT USA, INC., ) | **INC.'S RULE 7.1 DISCLOSURE** |
| ) | **STATEMENT** |
| Defendant. ) | |
| ) | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned attorney of record for Defendant Swissport USA, Inc. certifies that there are no corporate parents, subsidiaries, or affiliates of these parties that are publicly held.

Dated:  New York, New York
            May 20, 2015

                                            By: /s/ J. Gregory Lahr
                                                J. Gregory Lahr (JL 9969)
                                                SEDGWICK, LLP
                                                125 Broad Street, 39th Floor
                                                New York, NY  10004-2400
                                                Telephone:     212.422.0202